IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROLE N. HILDEBRAND, et. al., | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | NO. 06-5439 |
| | : | |
| v. | : | |
| | : | |
| DENTSPLY INTERNATIONAL, INC., | : | |
| | : | |
| Defendant. | : | |

**Jones, II, J.**                                                                                           September 30, 2011

## **MEMORANDUM**

This matter arises out of a purported class action for breach of warranty and negligent design relating to alleged defects in the Cavitron ultra scaler, a dental and periodontal tool. Before the Court is Plaintiffs' Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order Entered January 26, 2010 (Dkt. No. 150) ("Motion for Reconsideration"). However, for the reasons set forth below, the Court finds that it lacks subject matter jurisdiction over this matter and thus must dismiss Plaintiffs' remaining claims in their entirety. Accordingly, the Court will deny Plaintiffs' Motion for Reconsideration as moot. For the same reason, the Court will also deny as moot Plaintiffs' Motion to Certify Class (Dkt. No. 36); Defendant's Motion to Compel Discovery Responses (Dkt. No. 41); Defendant's Request for Oral Argument (Dkt. No. 137); and Proposed Intervenors' Motion to Intervene or, in the Alternative, to Consolidate (Dkt. No. 153).

I.   **PROCEDURAL POSTURE**

As its January 26, 2010 Memorandum Opinion (Dkt. No. 148) ("Mem. Op.") sets forth the extensive factual and procedural background of this matter (the "*Hildebrand* action") to that date, the Court will now simply summarize subsequent developments in the case. In its related Order (Dkt. No. 149) ("Order"), the Court granted the motion of Defendant Dentsply International, Inc. ("Dentsply") to dismiss Dr. Carole N. Hildebrand, D.D.S. and Dr. Robert A. Jaffin, D.M.D., the named periodontist Plaintiffs, for lack of standing ("Motion to Dismiss"), and denied Plaintiffs' motion for leave to file an amended complaint to substitute their corporate practices as named Plaintiffs ("Motion to Substitute"). In light of these decisions, the Court then dismissed Counts I and II of the Amended Complaint as to the putative Pennsylvania periodontal class members and as to the putative New Jersey class members, and dismissed Count III in its entirety. *Id.* With Counts I and II outstanding only as to named Plaintiff Dr. Mitchell Goldman and the putative Pennsylvania dental class members, the Court's Order directed the parties to brief any jurisdictional issues that might result from the Court's dismissals. *Id.*

On February 9, 2010, Plaintiffs filed their Motion for Partial Reconsideration (Dkt. No. 150) ("Motion for Reconsideration"), asking the Court to vacate its Order and to substitute the named periodontist Plaintiffs' corporate practices as named Plaintiffs. Dentsply filed its opposition on February 26, 2010 (Dkt. No. 155).

On February 22, 2010, all parties filed jurisdictional memoranda pursuant to the Court's request (Dkt. No. 151 and 152). Also on February 22, 2010, Center City Periodontists, P.C. ("Center City Periodontists") and Affiliated Periodontists of North Jersey, P.A. ("Affiliated Periodontists")–the corporate practices of Drs. Hildebrand and Jaffin–filed a separate putative

class action bringing claims identical to those previously presented by Drs. Hildebrand and Jaffin, individually, and Dr. Goldman. *See Center City Periodontists, P.C. v. Dentsply Int'l, Inc.*, 2:10-cv-0774-CDJ (E.D. Pa. Feb. 22, 2010) ("*Center City*").  Center City Periodontists and Affiliated Periodontists then simultaneously moved to intervene as Plaintiffs or, in the alternative, to consolidate their recently filed class action with this action (Dkt. No. 153) ("Motion to Intervene").  Dentsply opposed Center City Periodontists' and Affiliated Periodontists' joint Motion to Intervene or Consolidate on March 11, 2010 (Dkt. No. 156).

## II.   SUBJECT MATTER JURISDICTION

Having dismissed Drs. Hildebrand and Jaffin–a ruling which Plaintiffs do not seek to disturb–the Court is forced to examine whether it in fact possesses subject matter jurisdiction over this matter at all, such as to allow it even to rule on Plaintiffs' Motion for Reconsideration or any of the parties' other outstanding motions.  *See* Mem. Op. at 19.  Dr. Jaffin was the only named Plaintiff residing or practicing in New Jersey in this case, and thus he appeared to be the only diverse (i.e., non-Pennsylvania) named Plaintiff.  His dismissal for lack of standing means that his claim was never live, however, and thus diversity of citizenship and therefore subject matter jurisdiction never existed.  *See* Mem. Op. at 17 n.19.

In their First Amended Complaint, filed in May 2007, Plaintiffs invoked federal diversity jurisdiction under 28 U.S.C. § 1711.  *See* Dkt. No. 29.  Section 1711 is not jurisdictional but instead merely defines several terms relevant to class actions.  Presumably, Plaintiffs sought to invoke jurisdiction under 28 U.S.C. § 1332(d)(2)(A), which grants the federal district court "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any

member of a class of plaintiffs is a citizen of a State different from any defendant."

Regardless, Plaintiffs cannot create diversity jurisdiction simply by pleading it. *Mennen Co. v. Atl. Mut. Ins. Co.*, 147 F.3d 287, 293 (3d Cir. 1998) ("[I]t is axiomatic that a party may not confer or defeat jurisdiction by mere pleading."); *Midlantic Nat'l Bank v. Hansen*, 48 F.3d 693, 696 (3d Cir. 1995) ("Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time the complaint was filed.") (citation omitted). And while a class action may remain viable when a class representative loses standing *after* class certification, representatives cannot establish subject matter jurisdiction if they lack requisite standing when the complaint is filed. *Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004); *Lusardi v. Xerox Corp.*, 975 F.2d 964, 977 (3d Cir. 1992) (holding that "the named plaintiff has the requisite personal stake in class certification only if (1) he has a live individual claim when the district court decides the class certification issue, or at the very least, he had a live claim when he filed for class certification..."). Plaintiffs argue extensively that "[f]ederal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"),[1] once properly invoked, is not destroyed by subsequent events." Pl. Jurisdictional Mem. at 2. However, because the only plaintiff with standing from the commencement of this action cannot establish diversity, subject matter jurisdiction never *was* properly invoked here, and thus never was destroyed by subsequent events. Despite Plaintiffs' contentions, this action did not "satisf[y] CAFA's diversity requirements at the time it was filed." *Id.* at 3.[2]

---

[1]Class Action Fairness Act of 2005, Pub. L. No. 1109-2, 119 Stat. 4 (codified at 28 U.S.C. §§ 1332(d), 1453, and 1711–1715).

[2]Plaintiffs raise *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) to support their argument that diversity existed in the instant case at the time the action was filed

The only named class representative with standing when the Complaint was filed in this matter was Dr. Goldman, who shares Pennsylvania citizenship with Defendant and thus could not represent the New Jersey subclass. *Prado-Steiman v. Bush*, 221 F.3d 1266, 1279-80 (11th Cir. 2000) ("[T]he district court must determine that at least one named class representative has Article III standing to raise each class subclaim" because "a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim."); *see also In re Wellbutrin XL Antitrust Litig.*, 260 F.R.D. 143, 152 (E.D. Pa. 2009) (indeed, "a plaintiff whose injuries have no causal relation to Pennsylvania, or for whom the laws of Pennsylvania cannot provide redress, has no standing to assert a claim under Pennsylvania law, although it may have standing under the law of another state."). Accordingly, without any non-Pennsylvania law claims or representatives properly in this case from the outset, no federal court subject matter jurisdiction ever existed, and the Court must dismiss this action.

## III.   MOTION FOR PARTIAL RECONSIDERATION

Under these circumstances, the Court cannot even consider Plaintiffs' Motion for Reconsideration, because it lacks the jurisdiction to do so. In fact, our sister courts in the Third Circuit have previously recognized that where a party never had standing and thus subject matter

---

and thus this Court retains subject matter jurisdiction. *See* Pl. Jurisdictional Mem. at 4. *Kaufman* notes that "federal diversity jurisdiction is generally determined based on the circumstances prevailing at the time the suit was filed," but goes on to dismiss the complaint because jurisdiction for CAFA purposes may be determined after the complaint has been filed if the parties change based on a pleading, motion or other paper filed by the plaintiff(s). *Id.* at 152-53 (citing 28 U.S.C. § 1332(d)(7)). By contrast, according to the *Hildebrand* Plaintiffs, the parties in the instant action changed due to a pleading filed by Dentsply, not Plaintiffs, and thus "[t]he rationale of *Kaufman* is inapplicable to this case and is, therefore, not controlling." Pl. Jurisdictional Mem. at 5. This analysis misses the point–at the time the suit was filed, the circumstances were such that jurisdiction never attached in this case.

jurisdiction never attached, federal courts may not even hear the party's motion to amend to substitute plaintiffs who do have standing, or motion to reconsider the original denial of leave to amend. *See Vianix Delaware LLC v. Nuance Commc'n, Inc.*, No. 09-67, 2009 WL 1364346, at *2 (D. Del. May 12, 2009) ("Because Vianix Delaware LLC did not have standing to assert its claims when it filed suit, the Court does not have subject matter jurisdiction to consider anything filed thereafter, including the amended complaint."); *In re Spree.com Corp.*, 295 B.R. 762, 774 (Bankr. E.D. Pa. 2003) (where plaintiff lacked standing and thus court lacked subject matter jurisdiction, court could not permit Rule 17 substitution of real party in interest). Despite Plaintiffs' entreaties, a Rule 17 substitution of the real party in interest cannot cure the absence of federal subject matter jurisdiction because "'the Federal Rules of Civil Procedure cannot be used to expand the subject matter jurisdiction of the district courts.'" *In re Spree.com*, 295 B.R. at 775 (quoting *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 886 (3d Cir. 1977)).[3]

---

[3] If, prior to Plaintiffs filing their Motion to Substitute, the Court had been afforded the opportunity to analyze the jurisdictional concerns that arose pursuant to its dismissal of Plaintiffs Hildebrand and Jaffin, it would have declined to entertain the Motion to Substitute on the same grounds that it now declines to consider the Motion for Reconsideration: lack of subject matter jurisdiction. However, Plaintiffs filed their Motion to Substitute concomitant with Dentsply's Motion to Dismiss; the Court found it inappropriate to deny the Motion to Substitute as moot at that time, because its assessment of the jurisdictional posture of the action remained ongoing. Ultimately the Court would have been forced to the same conclusion, regardless of when the Court reached it. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006) (objection that federal court lacks subject-matter jurisdiction may be raised by a court on its own initiative at any stage in litigation, even after trial and entry of judgment).

Even if the Court did in fact possess subject matter jurisdiction over this matter such as to consider Plaintiffs' Motion for Reconsideration, the Motion still must fail. Plaintiffs do not present any new law or new evidence relating to the Court's decision to dismiss the New Jersey subclass or its denial of Plaintiffs' request to substitute Dr. Hildebrand's and Jaffin's corporate practices as named periodontal Plaintiffs, nor do Plaintiffs demonstrate any clear error on the Court's part in reaching that decision. *See Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (judgment may be altered or amended if party seeking reconsideration shows: (1)

IV.     **PROPOSED INTERVENORS' MOTION TO INTERVENE OR, IN THE ALTERNATIVE, TO CONSOLIDATE**

    A.      **Motion to Intervene**

Should the Court deny Plaintiffs' Motion for Reconsideration, the *Center City* plaintiffs then move to intervene as plaintiffs in this action, pursuant to Federal Rule of Civil Procedure 24. The *Center City* plaintiffs seek to intervene as of right pursuant to Rule 24(a) "because they have an interest relating to the property or transaction which is the subject of this action and are so situated that a disposition in this case may, as a practical matter, impair or impede their ability to protect that interest." Motion to Intervene at 1. Alternatively, they seek to intervene permissively pursuant to Rule 24(b) "because the claims they seek to bring have both questions of law and fact in common with the claims already at issue in this case." *Id.* In order to

---

"an intervening change in the controlling law;" (2) "the availability of new evidence that was not available when the court granted the motion;"or (3) "the need to correct a clear error of law or fact or to prevent manifest injustice") (citations omitted). Plaintiffs merely reiterate their arguments that the Court should have considered their request to substitute the corporate practices as named Plaintiffs under the standards of Rules 15 and 17, as opposed to the Rule 16 standard the Court applied. The Court already considered and rejected these arguments and undertook its analysis accordingly.

   To the extent Plaintiffs substantively address the Court's application of Rule 16, the Court rejects Plaintiffs' contention that the Rule 16 "good cause" standard for amending a scheduling order is inapplicable because the "Amendment Order" at issue here (which provided for discovery and filing of an amended complaint) "was not a scheduling order of the kind generally entered pursuant to Rule 16." Motion for Reconsideration at 16. According to Plaintiffs, "[t]he goal of the Amendment Order ... was primarily aimed at including *defendants*, not new *class representatives*." *Id.* (emphasis in original). However, the order permitted an amended complaint to be filed "adding new parties"–the order drew no distinction between defendants and class representatives. Order dated March 7, 2007 (Dkt. No. 26) (Surrick, J.). In any event, Plaintiffs raise this argument for the first time only now, in their Motion for Reconsideration, and thus the Court need not weigh it. *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990) (parties may not use motion for reconsideration as opportunity to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided").

7

intervene as of right, a prospective intervenor must establish its: (1) timeliness of application; (2) sufficient interest in the litigation; (3) interest being affected or impaired, as a practical matter, by the disposition of the litigation; and (4) inadequate representation by an existing party in the litigation. *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 314 (3d Cir. 2005). A proposed intervenor must satisfy each of these four criteria. *Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 365-66 (3d Cir. 1995).[4]

The *Center City* plaintiffs focus heavily on the supposed timeliness of their application to intervene in the *Hildebrand* action, noting more or less in passing that they easily satisfy the second, third and fourth prongs of the Rule 24(a) inquiry. *See* Motion to Intervene at 7. However, per the Third Circuit, "[a] motion for intervention under Rule 24 is not an appropriate device to cure a situation in which the plaintiffs may have stated causes of action that they have no standing to litigate." *McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979) ("[I]t is axiomatic that intervention will not be permitted to breathe life into a nonexistent lawsuit." (internal quotations omitted));[5] *see Pa. Prison Soc'y v. Cortes*, No. 97-1731, 2009 WL 1653543,

---

[4]Where one or more prongs weigh heavily in favor of intervention, the other(s) may not require as strong a showing. *See Harris v. Pernsley*, 820 F.2d 592, 596 n.5 (3d Cir. 1987) (citing *United States v. Hooker Chems. & Plastics Corp.*, 749 F.2d 968, 983 (2d Cir. 1984)).

[5]The *Center City* plaintiffs object vociferously to any reliance on *McClune*, arguing that *McClune* says "nothing about the intervention of an absent class member into a class action after an originally named plaintiff has been determined by the court to lack standing." Reply to Motion to Intervene at 5. But as Dentsply notes, at least one other trial court in this Circuit has found that *McClune* may well apply in the class action context. *See Warden v. Crown Am. Realty Trust*, No. 96-25J, 1998 WL 725946, at *5 (W.D. Pa. Oct. 15, 1998) ("Thus, I am wary of permitting intervention [where plaintiffs lack standing], absent a powerful argument that our court of appeals would not apply *McClune* to class action litigation.") (Smith, J.).

The proposed intervenors point instead to several other Third Circuit decisions they characterize as controlling, which stand for the proposition that "unnamed class members may intervene in a class action, even at a very late stage of the litigation or when named plaintiffs

at *14 (E.D. Pa. June 11, 2009) ("The Court agrees with the general principal [sic] invoked by the Defendants that standing to bring an action cannot be achieved via intervention by parties that were not originally included in the litigation." (citation omitted)), *rev'd and remanded on other grounds*, 622 F.3d 215 (3d Cir. 2010); *Applebaum v. State Farm Auto. Ins. Co.*, 109 F.R.D. 661, 663 (M.D. Pa. 1986) ("[W]hen no class certification has taken place, the dismissal of the only viable claim in the action ends the litigation and precludes intervention by other parties."); *see also Rockwell Int'l Corp. v. United States*, 549 U.S. 457, 476-78 (2007) (vacating eight-year-old judgment and holding that government's intervention did not cure lack of subject matter jursidiction for *qui tam* relator's claims).[6]

---

have been dismissed for lack of standing." Reply to Motion to Intervene at 5 (citing, e.g., *In re Cmty. Bank of N. Va.*, 418 F.3d at 314; *Haas v. Pittsburgh Nat'l Bank*, 526 F.2d 1083, 1095-98 (3d Cir. 1975)). None of those cases, however, involved cases wherein the court lacked subject matter jurisdiction from the filing of the complaint. In fact, the Third Circuit has expressly pointed out that consolidated cases must each provide their own grounds for subject matter jurisdiction. *See infra*, Section IV.B (citing *In re Cmty. Bank of N. Va.*, 418 F.3d 277, 298 n.12 (3d Cir. 2005)). The same logic holds true with regard to intervention.

And as the *Center City* plaintiffs themselves note, in *McClune*, the Third Circuit "specifically emphasized that the opinion would not preclude the intervenor from bringing a separate proceeding to assert its claims and that the intervenor would not be bound by *res judicata* from later bringing its own action." Reply to Motion to Intervene at 8. Other courts have followed suit, denying intervention where proposed intervenors would be able to bring their claims in a new action. *See id.* (citing *McKay v. Heyison*, 614 F.2d 899, 906 (3d Cir. 1980); *Warden*, 1998 WL 725946 at *18; *In re MAXXAM, Inc./Federated Dev. Shareholders Litig.*, 698 A.2d 949, 957 (Del. Ch. 1996). These are precisely the circumstances at hand. While Dentsply has moved to dismiss the Complaint in *Center City*, the Court has not yet decided that motion.

[6]The *Center City* plaintiffs also object to Dentsply's invocation of *Rockwell*, again contending that the *Rockwell* opinion "says nothing about the intervention into a class action of an unnamed class member" and that "all parties[,] including Dentsply, agree that the Intervenors' [sic] have standing to sue and that the Court would have subject matter jurisdiction over their claims." Reply to Motion to Intervene at 6 n.7. However, whether or not the Court has subject matter jurisdiction over the proposed *intervenors*' claims is irrelevant at this juncture; because the Court lacks such jurisdiction over *Hildebrand*, there is no live controversy in which the *Center City* plaintiffs may intervene.

> B.   **Motion to Consolidate**

If the Court denies the *Center City* plaintiffs' motion to intervene in this action, those plaintiffs alternatively seek to consolidate *Center City* with *Hildebrand*.  As a general rule, "[i]f actions before the court involve a common question of law or fact, the court . . . may consolidate the actions."  Fed. R. Civ. P. 42(a)(2); *see Smithkline Beecham Corp. v. Geneva Pharms.*, No. 99-2926, 2001 WL 1249694  (E.D. Pa. Sept. 26, 2001).   However, as with intervention, consolidation remains inappropriate here.  *See In re Cmty. Bank of N. Va.*, 418 F.3d at 298 n.12 ("[E]ach consolidated case must support an independent basis for subject matter jurisdiction."). While the *Center City* plaintiffs emphasize the questions of law and fact common to both the *Hildebrand* and *Center City* actions, and argue the relative efficiencies to be gained by consolidating the actions, the Court's hands remain tied by the jurisdictional bar.  The Court does not have subject matter jurisdiction over *Hildebrand*; accordingly, it lacks the authority to consolidate it with any other action, regardless of whether the plaintiffs in the second action possess adequate standing to pursue their claims on behalf of a class.

## IV.   CONCLUSION

As it expressed in its last memorandum, the Court is well aware of the domino effect of its most recent decisions in this action, but I find myself with no other recourse in the face of Plaintiffs' tortured path through this litigation.  For the reasons set forth above, I find the Court lacks subject matter jurisdiction over this matter and thus is compelled (1) to dismiss Plaintiffs' remaining claims in their entirety; and (2) to deny as moot Plaintiffs' Motion for Partial Reconsideration of the Court's Memorandum Opinion and Order Entered January 26, 2010 (Dkt. No. 150); Plaintiffs' Motion to Certify Class (Dkt. No. 36); Defendant's Motion to Compel

Discovery Responses (Dkt. No. 41); Defendant's Request for Oral Argument (Dkt. No. 137); and Proposed Intervenors' Motion to Intervene or, in the Alternative, to Consolidate (Dkt. No. 153).[7]

An appropriate Order follows.

---

[7]As mentioned above, *see supra* Section IV.A. n.5, the Court is aware of Dentsply's pending motion to dismiss in the separate *Center City* action, which I will address in an independent memorandum and order.